STATE OF MISSOURI, TO THE USE OF HOLLAND ET AL., Respondents, *v.* KNAPP, STOUT & CO. COMPANY, Appellant.

### March 27, 1883.

SALE AND DELIVERY — VENDOR AND VENDEE — PART EXECUTION OF CONTRACT. — A setting apart and delivery of a portion of goods to be delivered under a contract vests title, as against a subsequent attaching creditor of the vendor, in the purchaser to the portion thus set apart, though it be not actually removed.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

G. M. STEWART, for the appellant.

E. T. FARISH, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Knapp, Stout & Co., as creditors of Joy Brothers & Co., levied an attachment upon certain lumber in the yard of the latter firm, which had already been selected from the stock of Joy Brothers & Co. by Holland & Co., in part payment of an indebtedness of Joy Brothers & Co. to Holland & Co. Knapp, Stout & Co. retained the lumber after it was claimed by Holland & Co., and the present action is upon the bond given by Knapp, Stout & Co. under the statute.   The cause was tried by the court without a jury, and the finding and judgment were for plaintiff.

The testimony tended to show, that Joy Brothers & Co., who were lumber dealers, owed Holland & Co. for lumber, $400, represented by their note not yet due. Holland & Co., believing Joy Brothers to be in embarrassed circumstances, made to them a proposition to take lumber for the debt. It was agreed that Holland & Co. should take for the debt all the poplar lumber that Joy Brothers had on hand, and the balance in pine ceiling, all at the prices in Joy Brothers' price list. Mr. Wood, the agent of Holland & Co., then went into the wood-yard of Joy Brothers with their book-keeper, and selected seventeen thousand six hundred and eighty feet of poplar lumber, worth $263.90. This lumber was in bundles, piled one on the top of the other, in half a dozen piles, in a shed. Each bundle had marks showing the number of feet it contained, and the lumber was counted to Wood by those marks. No other measurement was made for Wood than that which had been already made. The amount was then figured up by the book-keeper, and Wood left with the understanding that he took this poplar lumber; and that the remainder of the lumber should be selected next morning. The lumber selected was to be hauled away by Wood, but it was then too late to haul away the lumber conveniently that evening; and, when Wood went there next morning, defendants had already attached.

On this state of facts, the trial court gave judgment for the value of the poplar wood as shown by the testimony.

The defendants asked the following declaration of law, which was refused : —

" If the court, sitting as a jury, find from the testimony that on or about December 11, 1878, the firm of Joy Brothers & Co. were indebted to Nelson, Holland & Co. in the sum of about $400, and that on said day Joy Brothers & Co. agreed with Nelson, Holland & Co. to sell them lumber in payment of said indebtedness, and in pursuance of said agreement the said Joy Brothers & Co. did, on said day,

show the said Nelson, Holland and Co. a part of the lumber which they proposed to sell them in payment of said debt, and the dimensions and price per thousand feet of the same were ascertained and agreed upon, but the aggregate amount was not then determined, but was insufficient to pay the whole of said debt, and that it was further agreed upon between said Joy Brothers & Co. and Nelson, Holland & Co., at said time, that after they had mutually determined the value of the lumber so shown and counted, at the prices so agreed upon by them, that Joy Brothers & Co. would and should sell them other lumber to be thereafter selected and measured, sufficient in amount to pay the residue of said debt, and that the value of the lumber, and dimensions and price per thousand feet of which had been ascertained, had not been determined before the attachment was levied by the sheriff, as set out in the petition, and the lumber which Joy Brothers & Co. were to sell to Nelson, Holland & Co. in payment of the residue of said debt, had not at that time been measured and set apart to them, then the court declares the law to be, that there was not a sale to the plaintiffs of any of the lumber sued for in this petition prior to the levy of said attachment, and plaintiffs cannot recover in this action."

It is contended by appellant that the evidence shows that the contract with Joy & Co. was not executed; that the agreement was that Holland & Co. were to take lumber enough to pay their entire claim of $400, and not to take lumber to pay merely a part of it; that the lumber selected was neither delivered by Joy Brothers, nor accepted by Holland Co., in payment *pro tanto*, and that Holland & Co. could not have been compelled, under the arrangement, to take a part of the lumber until there had been assigned to them a sufficient quantity to pay them in full at the prices agreed upon, and that, therefore, no title passed to the lumber selected.

It would not necessarily follow, because the contract was

entire, that title would not pass to a part of the lumber delivered under it. If Holland & Co. agreed to take $400 worth of lumber in payment of their account, and there was an appropriation of part of the lumber towards the fulfilment of the contract, so much as was appropriated might pass, if that was the intention of the parties. A. agreed with B. to purchase from him one hundred out of two hundred quarters of barley which A. had approved of in bulk, and he paid part of the price. A. was to send sacks for the barley, and B. to fill them, and send them to. A. by rail. A. sent sacks enough only for a part of the one hundred quarters, which B. filled; and, afterwards, owing to delay in means of transportation, B. emptied the sacks again into the general heap. It was held that the barley that had been put into the sacks passed, and that the assignee of B. became liable for a conversion by removing all the barley. Crompton, J., hesitated, on the ground that it was not clear that A. knew that any barley had been put in the sacks. But all the judges agreed that the barley passed to A., if his assent to the particular appropriation was shown. *Aldridge* v. *Johnson*, 7 El. & Bl. 885. And the general rule is, that, where the seller has performed all his duty as to a portion of the things sold, that portion becomes the property of the purchaser and at his risk, whether the contract is an entirety or not. Story on Sales, sect. 299.

The agreement between the parties is clear enough. Holland & Co. feared that Joy Brothers might not be able to day their note at maturity, and, in view of this, suggested that Joy Brothers should at once pay in lumber at certain prices. To this Joy Brothers assented, and certain marked lumber was picked out, which was already severed from the other lumber in the yard, in part performance of this agreement. Now, however true it may be that Joy Brothers might not have been obliged to deliver any more lumber, if Holland & Co., after receiving a part, had refused to take the whole sum due in lumber, as agreed, or that Holland &

Co. might have rescinded the contract and returned the lumber, if Joy Brothers had refused to deliver the remaining portion of the lumber according to agreement, Joy Brothers could not, if the contract had been rescinded, have recovered back the lumber delivered. The title to that lumber vested on delivery, and if it had been seized by any creditors of Holland & Co., it would have been subject to levy as the property of Holland & Co. *Thompson* v. *Conover,* 32 N. H. 466.

We think that the trial court committed no error in refusing the declaration of law asked by defendants, and that the judgment was warranted by the evidence in the case, and should be affirmed. It is so ordered. All the judges concur.